IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA GLOVER,

                                                                    OPINION and ORDER

                    Plaintiff,

                                                                    09-cv-597-slc[1]

          v.

SITEL CORPORATION.

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for monetary relief in which plaintiff Linda Glover

alleges that defendant Sitel Corporation wrongfully terminated her employment and treated

her differently from other employees because of her age, gender, race, familial status and

disability.  Plaintiff has asked for leave to proceed in forma pauperis and has supported her

request with an affidavit of indigency.  The standard for determining whether plaintiff qualifies

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload
automatically to Magistrate Judge Stephen Crocker.  It is this court's expectation that the
parties in a case assigned to the magistrate judge will give deliberate thought to providing
consent for the magistrate judge to preside over all aspects of their case, so as to insure that
all cases filed in the district receive the attention they deserve in a timely manner.  At this
early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the
parties to this action.  Therefore, for the purpose of issuing this order I am assuming
jurisdiction over the case.

for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff has one dependent. Her monthly income is $1,227, which makes her annual income $14,724. Plaintiff's balance comes to $11,024 after subtracting $3,700 for her dependent. Because plaintiff's income is less than $16,000, she can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed without prepayment of costs, her complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

2

I cannot reach the merits of plaintiff's claims at this time because her pleading violates Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007); Aschcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (holding that the plausibility standard set forth in Twombly applies to "all civil actions").  To determine whether a complaint meets the requirements of Rule 8, a district court should disregard "mere conclusory statements" and assess whether the well-pleaded facts alone state a plausible claim for relief, a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1949.

Plaintiff alleges that she was treated worse than other employees "not disabled like I am" or "of a different age, gender, race and familial status."  However, these allegations are nothing more than conclusory statements.  In other words, these allegations do not contain a description of any of the underlying facts from which plaintiff is drawing the *conclusions* that she is disabled and that she was treated worse than others from different groups.  Aside from these conclusory statements, the complaint is silent as to these matters.

Plaintiff describes some of the adverse treatment she received, such as a reduced pay rate, unnecessary training, barred entry, false records and other reprimands not in

3

compliance with the employer's policies.  However, she does not allege any facts that would tie this bad treatment to any plausible claim for discrimination.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice.  Plaintiff is free to file an amended complaint that includes the allegations that are missing.  In particular, she should include allegations that describe her disability, sex, age, familial status and sex and provide details regarding why she thinks defendant treated her worse because of these things.  If her amended complaint satisfies Rule 8, I will consider the merits of her claims.  If plaintiff decides to amend her complaint, she should draft the complaint as if she were telling a story to people who know nothing about her situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?

- What did defendant do that makes it liable for violating plaintiff's rights?

- How was plaintiff injured by defendant's conduct?

One additional matter requires attention.  In her complaint, plaintiff asks for appointment of legal counsel.  I will not consider appointing counsel until plaintiff submits a complaint that meets the requirements of Rule 8 and states a claim.  However, even then, before deciding whether to appoint counsel, I must first find that plaintiff has made reasonable efforts to find a lawyer on her own and has been unsuccessful.  Jackson v. County of McLean, 953 F.2d 1070, 1073  (7th Cir. 1992).  To show that she has made reasonable

efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that she has asked to represent her in this case who turned her down. Even then, appointment of counsel is proper only in those rare cases in which the factual and legal difficulty of case exceeds plaintiff's capacity to coherently present case to the judge or jury. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). Plaintiff is free to seek appointment of counsel after she files her proposed amended complaint (although she should file a separate motion on the matter), but she should first be sure she meets the requirements I have just mentioned.

ORDER

IT IS ORDERED that

1. Plaintiff Linda Glover's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8; her request for appointment of counsel discussed in the complaint is DENIED as moot.

2. Plaintiff may have until October 28, 2009, in which to submit a proposed amended complaint that conforms to Rule 8. If, by October 28, 2009, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

3. If, by October 28, 2009, plaintiff submits a proposed amended complaint as

5

required by this order, I will take that complaint under advisement for screening pursuant

to 28 U.S.C. § 1915.

Entered this 8th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6