IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA GLOVER,

                              Plaintiff,

     v.

SITEL CORPORATION,

                              Defendant.

OPINION and ORDER

09-cv-597-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil rights lawsuit, plaintiff Linda Glover contends that defendant Sitel Corporation discriminated against her because of her age, disability and sex. Defendant filed a motion to dismiss the complaint, contending that the complaint fails to state a claim upon which relief may be granted because plaintiff failed to file her complaint within 90 days of receiving the original right-to-sue letter from the United States Equal Employment Opportunity Commission. Plaintiff has not opposed the motion, so it will be decided on defendant's brief alone.

      I conclude that defendant's motion to dismiss must be converted to a motion for

---

[1] For the purpose of issuing this order I am assuming jurisdiction over the case.

1

summary judgment and the parties given an opportunity to provide evidence related to one question: did plaintiff receive the original right-to-sue letter from the Commission?

For employment discrimination claims related to age, disability or sex, the statute of limitations is the same: a plaintiff has 90 days from the date of receiving a right-to-sue notice from the United States Equal Employment Opportunity Commission in which to file her complaint. 42 U.S.C. § 2000e-5(f)(1) (Title VII claims, including sex discrimination); 42 U.S.C. § 12117(a) (disability claims); 29 U.S.C. § 626(e) (age discrimination claims). Plaintiff filed this lawsuit on September 28, 2009, within 90 days of receiving a right-to-sue letter from the United States Equal Employment Opportunity Commission that was "Re-issued in Accordance with the Lilly Ledbetter Act of 2009." However, as defendant points out, the letter relates to charges filed in 2006 shortly after the incidents alleged in the complaint occurred. Defendant attaches the original right-to-sue letter to its motion to dismiss, which describes the "date mailed" as March 8, 2007.

The first question is whether the Commission's second right-to-sue letter "restarted" the clock for filing plaintiff's claims. There is no statutory support for such a notion. Although the letters are sent out purportedly "pursuant to the Lilly Ledbetter Act," that Act did not expand any of the 90-day limits on filing discrimination complaints; instead, what it expanded was only when "an unlawful employment practice occurs" under Title VII, 42 U.S.C. § 2000e-5(e)(3)(A), which relates to the time for filing *charges* with the Commission,

2

not the time for filing a complaint after the commission has addressed the charges.

Moreover, nothing about the respective statutes of limitations suggests that the 90-day limit starts anew after subsequent right-to-sue letters.  Each statute anticipates that the plaintiff will receive notice once and that a 90-day limit will start running with the receipt of "such notice."  42 U.S.C. § 2000e-5(f)(1) (providing that notifying agency must provide notice of right-to-sue within certain period of time and aggrieved party may bring an action "within 90 days after the giving of such notice"); 42 U.S.C. § 12117(a) (adopting procedures set out in § 2000e-5); 29 U.S.C. § 626(e) (stating that Commission "shall notify" the person aggrieved and that civil action may be brought "within 90 days after the date of the receipt of such notice.").  See also Prince v. Stewart, 580 F.3d 571, 574 (7th Cir. 2009) (noting that limitations period begins upon plaintiff's receipt of first letter even if first letter returned to Commission unopened if it is shown that plaintiff "received the first mailing but deliberately or carelessly refused to open it").

Because there is no statutory basis for allowing new right-to-sue letters to restart the statute of limitations, the limitations period began when plaintiff received the first right-to-sue letter.  Although I so conclude, I cannot yet decide whether plaintiff's claims are time-barred.  Defendant brought this motion as a motion to dismiss, but seeks to "establish" that plaintiff *received* the first right-to-sue letter early enough that the 90-day limitations period expired before she filed suit.  The letter appears to have been sent more than two years

3

before the date of filing, so it is almost impossible that plaintiff could have received the first letter within the 90 days before she filed suit. (Indeed, the *second* letter was received only barely within that period.)  However, nothing in the complaint establishes that plaintiff received that first letter at all.  As the court of appeals explained in Prince, 580 F.3d at 574, the limitations period begins only when the claimant *receives* the letter; if a letter is not received at all, the limitations period does not begin to run.  The usual result of a defendant's relying on facts outside the pleadings in support of a motion to dismiss is denial of the motion.  However, this case is likely to be resolved on a single factual question:  did plaintiff receive the first right-to-sue letter?  Therefore, rather than deny the motion to dismiss, I will convert it to a motion for summary judgment under Fed. R. Civ. P. 12(d).

     I cannot decide the question before giving both parties an opportunity to address the single factual issue I have identified.  It might seem as if this step could be skipped because plaintiff has not opposed defendant's motion, but there are two reasons why itcannot be.  First, plaintiff was not on notice that matters outside the pleadings would be considered, so her failure to respond does not doom her claim.  Fed. R. Civ. P. 12(d) (all parties must be given opportunity to present relevant factual material when motion to dismiss converted to motion for summary judgment).

     Second, the "evidence" defendant submits remains inadequate.  Defendant includes a copy of the right-to-sue letter.  The letter allows an inference that plaintiff received the

4

letter three days after the letter was mailed, which the letter says was March 8, 2007. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984) (noting that presumed date of receipt of letter to sue is three days after it was mailed, citing Fed. R. Civ. P. 6(e), which is now Rule 6(d)).  However, the letter is not authenticated; defendant does not provide any explanation of where the copy came from, but simply attaches the letter to its brief.  Dkt. #15-3.

Both parties may have until April 16, 2010 in which to submit evidence to support their respective positions on the question whether plaintiff received the first right-to-sue letter.  At that point, the motion for summary judgment will be taken under advisement and I will determine whether a genuine factual dispute exists regarding this question.


ORDER

IT IS ORDERED that the motion to dismiss filed by defendant Sitel Corporation is CONVERTED to a motion for summary judgment and the parties may have until April 16, 2010 in which to submit evidence to support their positions on the question whether

5

plaintiff received the first right-to-sue letter.

Entered this 26th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge