IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA GLOVER,

                                                                                     OPINION and ORDER

                    Plaintiff,

                                                                                       09-cv-597-slc[1]

     v.

SITEL CORPORATION,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on March 29, 2010, I converted defendant Sitel Corporation's motion to dismiss into a motion for summary judgment on the question whether plaintiff Linda Glover's claims are time-barred. I agreed with defendant that a "second" right-to-sue letter the United States Equal Employment Opportunity Commission sent plaintiff in 2009 did not restart the 90-day clock for filing claims, so the only question was whether plaintiff received the first right-to-sue letter dated March 8, 2007. The parties were given until April 16, 2010 to submit evidence to support their respective positions, and they have done so. (The parties filed unbidden reply and surreply briefs as well; those documents will be

---

[1] For the purpose of issuing this order I am assuming jurisdiction over the case.

1

disregarded because they were not given leave to file these materials.)

As an initial matter, plaintiff has moved for appointment of counsel, arguing that she is litigating this case pro se and lacks "expertise and necessary resources required and needed to give [her] a chance for a successful outcome in this case." In other words, she cannot afford a lawyer or other litigation materials and is not a lawyer herself. This is a universal problem among pro se litigants and not enough to warrant the appointment of counsel. Litigants in civil cases do not have a constitutional right to a lawyer; judges have the discretion to determine whether appointment of counsel is appropriate in a particular case. Pruitt v. Mote, 503 F.3d 647, 656 (7th Cir. 2007). In general, appointment is appropriate only in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute the case. Id. at 655. Because I am not persuaded that the legal and factual difficulty of this case exceeds plaintiff's ability to prosecute it, I will deny her request for appointment of counsel.

Turning to the merits of the converted motion for summary judgment, I note that defendant has submitted sufficient evidence to establish a prima facie case for finding that plaintiff received the first right-to-sue letter: both defendant and defendant's counsel received identical copies from the Commission of a right-to-sue letter addressed to plaintiff with a mailing date of March 8, 2007, which is evidence that the Commission also sent out the original copy to plaintiff on that date.

Plaintiff's opposition falls short of putting into dispute the fact of her timely receipt of the document. Leaving aside the fact that her filing is not "evidence" because she has not made the statements under penalty of perjury, she states only that she "do[es] not recall having ever seen, received, opened, read or otherwise been made aware of my having ever gotten" the first right to sue letter. As the Court of Appeals for the Seventh Circuit has explained, a statement that a witness does not remember a fact is not enough to put that fact into dispute at summary judgment. Tinder v. Pinkerton Security, 305 F.3d 728, 735-36 (7th Cir. 2002). Plaintiff's statement that she "does not recall" having ever received the letter is even more troubling in light of her total silence on why she chose to do nothing about her case for so long. According to plaintiff, the last document she recalls having received regarding her case was in December 2006; nonetheless, she describes no efforts to follow up on her case until she received a second right-to-sue letter from the Commission in June 2009.

Plaintiff adds that she is "a very organized person and manage[s] her paperwork proficiently" and follows this by stating that "*if* I have kept all other documents and correspondence related to this matter then I also would have copy of" the first right-to-sue letter. Plt's. Br., dkt. #21, ¶ 17. Of course, she does not detail how "proficient" she was. More important, does not go so far as to assert that she *did* keep all documents and correspondents she received related to this matter. Thus, there would be no basis to infer

3

from the absence of the letter from her records that plaintiff did not receive it.

In light of defendant's prima facie evidence that plaintiff did receive the letter and plaintiff's failure to challenge the evidence or explain her behavior when her case appeared to be on standstill for three years, I conclude that plaintiff received her letter.

Plaintiff argues that the second right-to-sue letter should have restarted the clock, a matter that I have already addressed. Dkt. #17, at 2-3 (concluding that there is no statutory support for the theory that a second right-to-sue letter would start the clock over). Plaintiff failed to oppose defendant's arguments the first time, thereby waiving any opportunity to challenge them now. In any case, plaintiff fails to identify any statutory support, and nothing she says persuades me that my original determination was erroneous.

Because the evidence shows that plaintiff received the first right-to-sue letter within a reasonable time after it was mailed on March 8, 2007, her filing of this lawsuit on September 29, 2009 comes far too late. Therefore, I will grant defendant's motion for summary judgment.

ORDER

IT IS ORDERED that

1. The motion for appointment of counsel filed by plaintiff Linda Glover, dkt. #25, is DENIED.

2. The motion to dismiss filed by defendant Sitel Corporation and converted into a motion for summary judgment, dkt. ##14 and 17, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 10th day of June, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

5